Mark Mishak v. Google, Inc. et al Doc. 12



conduct and interference infra by Defendants and each of them as alleged herein. In spite of such closing, MISHAK continues to sell and promote its products and related services across the Unites States through a website and toll-free telephone numbers. Including herein as Exhibit 2 is a INEEDAT.COM tracking for just one week form 1-8-06 to 1-14-06. (Exhibit 2).

31. Since at least as early as 1997 and continuing through 2002 as INEEDATV.COM, and currently as Mark Mishak; and long prior to the acts of the Defendant's complained of herein, MISHAK adopted and used, and has continued to use, the names and marks of INEEDAT.COM (hereinafter collectively identified as "INEEDATV.COM") in connection with its television, stereo, appliances, and other personal property products and relates services, which have been offered for sale and sold in interstate commerce in the United States, including the State of California. Since the adoption and first use of the MISHAK name and mark as aforesaid, MISHAK has continuously used said mark by predominately displaying it on the packaging and advertising for MISHAK's products, which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of California.

32. In addition to MISHAK name and mark, MISAHK is the owner of and has the exclusive rights to use the following trademarks registered with the United States Patent and Trademark Office: (Exhibit 1-Trademark Registration)

33. The name of mark MISHAK comprises a distinctive part of MISHAK's corporate title and trade name, which trade name has been prominently displayed by MISKHAK upon its home decorating products and relates services sold under MISHAK marks.

34. Since long prior to the acts of the Defendant's complained herein, MISHAK's Home decorating products and related services sold under the name MISHAK marks have been extensively advertised, promoted and sold by MISHAK in interstate commerce throughout the United States, including the State of California. MISHAK, each year, expends hundreds of dollars in connection with the advertisement and promotion of its products and services under the MISHAK marks.



Dockets.Justia.com

35. The dollar amount of sales in the United States of MISHAK's televisions, commercial and home appliances products and related services under the MISHAK marks offered for sale and sold under the MISHAK marks since the original adoption and use are well in excess of many thousands with reasonable growth projections in the hundreds of thousands of dollars.

36. Plaintiff has been careful, skillful and meticulous in the conduct of their television, home and commercial appliances and relates services under the MISHAK Marks. Including herein as Exhibit 3 is a copy of Plaintiff's Home Page. (Exhibit 3-Home Page)

37. As a consequence, and as a result of the substantial sales and extensive advertising and promotion of MISHAKS's said products and relates services supra, sold, under the MISHAK Marks have acquired a fine reputation, and are famous among prospective purchasers of said goods and services. The public has used and now uses the MISHAK marks to identify MISHAK, INEEDATV.COM and its products to distinguish MISHAK and its products and services from competitors; and relates services offered by others, and the MISHAK marks have acquired an outstanding tracking (Exhibit 1) as a source of products and relates services, and symbolizes and embodies the goodwill rightfully belonging exclusively to MISHAK.

**<u>The Internet and The World Wide Web</u>**

38. The Internet is a global network of millions of interconnected computers. The World Wide Web is a portion of the Internet especially suited to displaying images and sound, in to text. Much of the information on the world wide web is stored in the form of "WebPages", which can be accessed through a computer connected to the Internet (available through commercial Internet services Providers or "ISP"), and viewed using a computer program called a "browser", such as Microsoft Internet Explorer or Netscape Navigator. Websites are locations on the World Wide Web containing a collection of WebPages. A WebPages is identified by its own unique Uniform Resource Locator (URL) (e.g. "http://www.ineedatv.com), which ordinarily incorporates its site's "domain name" (e.g. "Mishak").

39. Internet use in the United States has grown substantially in the last few years. Upon information and belief, more than half of the nation is now online.

40. Among internet users in the United States, it is estimates that thirty-nine percent (39%) currently use the Internet to make online purchases.

41. As a result, it is estimated that, today, annual Internet sales exceed $92 billion.

**The Business of Plaintiff, Mishak**

42. MISHAK spends hundreds of dollars and thousands of hours each year advertising the MISHAK Marks, including advertising online.

43. Today, MISHAK had many customers nationwide and generates annual revenues according to proof at trial but within this Court's jurisdiction.

44. Since 1997, MISHAK, until forced to close in 2002 due to the actions of Defendants and each of them, has continuously operated a distinctive Internet website located, among other places , at www.ineedatv.com, through which the company sells televisions appliances, and other personal appliances, and relates services. It continues to this day as Exhibit 2 reflects.

45. Today, MISHAK owns many Internet domain names…Accordingly, if a consumers using the Internet web browser types in any of the company's Uniform Resource Locators (URLSs)-for example, if a consumers types www.ineedatv.com in his or her web browser address bar-the consumer is directed to MISHAK's web servers where he or she can view, browse and purchase the company's products and services.

46. A significant and critical amount of MISHAK's business is conducted via the Internet. The company estimates that, each day, it receives in excess of thirty thousand (30,000) hits or visits by customers or potential customers to its Internet websites and processes hundreds of Internet transactions every year.

//

47. MISHAK has spent thousands of dollars in developing its website, and thousands per year in maintaining and enhancing, and updating its website. In addition, all of whom are rigorously trained and supervised.

**The Business of Defendants-Search Engines**

48. Internet customers who are searching for a specific company product or information, but who are searching for a specific company product or information, but who do not know the exact domain name or website address at which it may be found, may use "keywords" and/or "search engines" to locate websites which match the keywords sought by the customer. Keywords are the textual terms that a consumer enters to locate the desired website or domain name. A search engine, such as Google, checks the keywords against its databases and produces a search results page, which lists the websites in order of decreasing relevance with the most relevant website listed first, that match the customer's keyword search.

49. Defendants Internet search engines, which are most free to consumers, is the most widely-used internet search engine in the world. It answers hundreds of millions of user searches and cover in excess of a billion web pages daily.

50. Defendants also sell a number of products and services to individuals, business, and educational and governmental entities. Once of the programs offered to its business customers is a keyword-triggered advertising program entitled "AdWords."

51. Defendants "AdWords" programs enable advertisers to purchase or bid on keywords that generate an adverting link (Known as a "Sponsored Link") to the purchaser's website. For example, MISHAK may bid on the keyword "television" through Google's "AdWords" program so that MISHAK's website will be the first or among the first listed "Sponsored Link" when a customer searches for the keyword "television" to find websites that sell televisions. Google posts the "Sponsored Links" on the top of and at the margins of its search engine results page bases on whichever keywords appear in user queries posted to Google's Internet search engine.

Advertising customers then pay Defendants based on the number of Internet users who click or "hit" on these advertising links.

52. Defendants advertisers select the keywords that will trigger their advertisements, but Defendants profit every time an Internet user clicks on a "Sponsored Link" for one of Defendant's advertisers.

**Defendant's Acts**

53. Google and the other listed defendants have sold many keywords comprised, in whole or in part, of the MISHAK marks, to competitors of MISHAK.

54. After repeated requests, Google and the other listed defendants have not agreed to stop selling certain of the MISHAK Marks as keywords to MISHAK's competitors. Google et. At. Refuses, however, to cease selling other keywords comprised, in whole or in part, of the MISHAK marks that, for whatever reason, Google et. al. unilaterally has deemed less worthy of recognition and protection. Specifically, Google et al. continue to sell, over MISHAK's objections, certain combinations of words within the MISHAK marks to MISHAK's competitors. Consequently, Google permits the purchase of MISHAK marks to trigger these competitor's links to appear in Google's and other listed defendants' search results when a consumer types in one of the MISHAK marks.

55. For example, Google and the other listed defendants continue to sell to MISHAK's competitors the keywords……Accordingly, if a consumer using Google's et. al.'s search engine types"…..."in the search window, competitors who have purchased "….." or even just "…." Can still appear at the top or in the margins of the results page. Similarly, it is possible for a consumer who types "…." Or"….." in the Google search window to be directed to a "results" web page that displays MISHAK's competitors' products and services at the top or in the margins.

56. In each of these examples, by the operation and design of Google's and the other listed defendants' search engines, consumers who specifically intend and desire to find MISHAK's products and services are instead diverted to search "results" web pages that list MISHAKS's