85. Defendant's unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks among the MISHAK marks in connection with the advertising, offering for sale and sale of Defendant's keyword advertising services constitutes use in commerce which infringes MISHAK's exclusive rights in its federally-registered marks and is likely to cause confusion, mistake, or deception as to the source of the services advertised by Defendants.

86. The aforesaid acts of Defendants, namely, the unauthorized and willful use of copies, variations, reproductions, simulations, or colorable imitations of MISHAK's registered marks in connection with the sale of keyword advertising, constitutes trademark infringement in violation of *Section 32 (1)* of the *Lanham Act, 15 U.S.C. 1114 (1):*

87. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

88. MISHAK has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

***Lanham Act*-False Representation**

89. MISHAK incorporated herein by reference each and every allegation contained in paragraphs 1 through 88 with the same force and effects as if here fully set forth.

90. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of MISHAK Marks on and in connection with keyword advertising conveys the misleading commercial impression to the public that the advertisers other than MISHAK listed in the Defendants manipulated search results pages, or their products, are approved by, sponsored by or are somehow affiliated or connected with MISHAK.

91. The aforesaid acts of Defendants, namely, the use of copies, variations, reproductions, simulations or colorable imitations of the MISHAK marks on and in connection with keyword advertising, constitutes a false designation of origin and false description and representation, in violation of *Section 43 (a) of the Lanham Act, 15 U.S.C. 1125 (a).*



Dockets.Justia.com

92. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this court, will continue to cause MISHAK to suffer irreparable injury.

93. MISHAK has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

***Lanham Act*-Dilution**

94. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 93 with the same force and effect as if here fully set forth.

95. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks among the MISHAK marks in connection with the advertising, offering for sale and sale of Defendant's keyword advertising services has and will continue to lessen the capacity of MISHAK's famous and distinctive MISHAK's marks to distinguish MISHAK's products and services from those of others, and has diluted the distinctive quality of MISHAK's famous and distinctive MISHAK's marks.

96. The aforesaid acts of Defendants constitute dilution in violation of *Section 43 (c) of the Lenham Act, 15 U.S.C. 1125 (c).*

97. The aforesaid acts of Defendants have caused and, unless acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

98. MISHAK has not adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**Injury to Business Reputation and Dilution-GBL 360-1**

99. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 105 with the same force and effect as if here full set forth.

100. The unauthorized use Defendants of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks among the MISHAK Marks in connection with the advertising, offering of sale and sale of Defendant's keyword advertising services will

dilute or tarnish MISHAK's business reputation and/or the effectiveness of the well known, famous and distinguished MISHAK marks.

101. The aforesaid acts of Defendants constitute dilution and injury to MISHAK's business and reputation in violation of *New York General Business Law 360-1*

102. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this courts, will continue to cause MISHAK to suffer irreparable injury.

103. MISHAK has no adequate remedy at law.

**FIFTH CAUSE OF ACTION**

**Common Law-Trademark Infringement and Unfair Competition**

104. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 103 with the same force and effect as if here full set forth.

105. The aforesaid acts of Defendants constitute trademark infringement and unfair competition in violation of MISHAK's rights under the common law of the State of California.

106. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this courts, will continue to cause MISHAK to suffer irreparable injury.

107. MISHAK has no adequate remedy at law.

**SIXTH CAUSE OF ACTION**

**Tortious Interference With Prospective Economic Advantage**

108. MISHAK incorporates herein by reference each any every allegation contained in paragraphs 1 through 107 with the same force and effect as if here fully set forth.

109. Many of the Plaintiff's customers regularly purchase products from MISHAK's website, and are repeat customers. It is probably that such customers and others will continue to seek to visit MISHAK's website and purchase Plaintiff's goods and services in the future.

110. Upon information and belief, Defendants were aware of the existence of Plaintiff's reasonable expectation of future transactions with Plaintiff's returning customers, as well as

customers who may be attracted to Plaintiff's goods and services as a result of Plaintiff's goodwill and extensive advertising and promotion.

111. Absent Defendant' intentional and improper interference through their deceptive and manipulates search engine results, it is reasonably certain that Plaintiff would realize additional sales from existing customers and/or new customers.

112. Defendants have intentionally and improperly interfered with Plaintiff's future and prospective sales through the Defendant's conduct; namely their deceptive and manipulated search engine results that divert consumers from Plaintiff's websites.

113. The aforesaid acts of Defendants have caused and unless said acts are restrained by this Courts, will continue to cause MISHAK to suffer irreparable injury.

114. MISHAK has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

## Preliminary & Permanent Injunction Relief

115. MISHAK incorporates herein by reference each every allegation contained in paragraphs 1 through 114 wit the same force and effect as if here fully set forth.

116. Many of the Plainiff's customers regularly purchase products from MISHAK's website, and are repeat customers. It is probably that such customers and others will continue to seek to visit MISHAK's website and purchase Plaintiff's goods and services in the future.

117. Upon information and belief, Defendants were aware of the existence of Plaintiff's reasonable expectation of future transactions with Plaintiff's returning customers, as well as customers who may be attracted to Plaintiff's goods and services as a result of Plaintiff's goodwill and extensive advertising promotion.

118. Absent Defendant's intentional and improper interference through their deceptive and manipulated search engine results, it is reasonably certain that Plaintiff would realize additional sales from existing customers and/or new customers.

//

119. Defendants have intentionally or negligently and improperly interfered with Plaintiff's future and prospective sales through the Defendant's conduct; namely, their deceptive and manipulated search engine results that divert consumers from Plaintiff's websites.

120. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Courts, via a preliminary injunction and Permanent Injunction will continue to cause MISHAK to suffer irreparable injury.

121. MISHAK has no adequate remedy at law. Damages at law are inadequate. Plaintiff seeks equitable relief from this Court.

## Prayer for Relief

WHEREFORE, as to all counts of this Complaint, Defendants will continue its unlawful activities unless enjoined and Plaintiff's remedy at law is inadequate; and wherefore, as to all counts of this Complaint, Plaintiff requests;

(A) A preliminary and permanent injunction prohibiting Defendants and their officers, partners, agents, subcontractors, servants, employees, subsidiaries, and related companies or entities, all others acting in concert or participating with them from:

1. Directly or indirectly selling or offering for sale advertising keywords that are identical or substantially similar to the MISHAK marks, which are likely to cause consumer confusion, mistake, or deception with respect to the MISHAK marks;
2. Continuing to post listing for MISHAK's competitors when internet users run a search on Defendant's search engines using keywords that are identical or substantially similar to the MISHAK marks;
3. Requiring Defendants to immediately contact all current advertisers who have purchased keywords identical or substantially similar to the MISHAK Marks and/or terms confusingly similar thereto, to inform them that the advertisers' links will no longer appear when an internet user runs a search for a term that is identical or substantially similar to the MISHAK