Mark Mishak v. Google, Inc. et al Doc. 22 Att. 1


# EXHIBIT A

Dockets.Justia.com

## Michael Page

---

**From:** Michael Page

**Sent:** Friday, January 18, 2008 4:56 PM

**To:** 'rogeragajanian@gmail.com'

**Subject:** Mishak

Dear Mr. Agajanian,

It was a pleasure speaking to you today. As we discussed, if you will send me a complaint (with correct exhibits) and an acknowledgement of service pursuant to Fed. R. Civ. P. 4(d), I will return a signed acknowledgement. At this point, it appears I will be representing Ask.com, Earthlink, and perhaps Lycos as well; I will keep you advised on the status of those representations, and we should agree to a single response date for all of them.

In the meantime, I urge you to reconsider bringing this suit. As we discussed, your complaint has problems too numerous to list, among them being the fact that your client's business does not appear to exist. As near as we can tell, he ceased operating his website AT THE LATEST in December 2004, raising serious Rule 11 concerns with your allegations that he CURRENTLY makes hundreds of thousands of dollars a year and is "the nation's largest and most respected and trusted direct-to-consumer retailer of televisions and personal appliances in the United States." Likewise, your allegations that current customers are being diverted from a business that does not even exist, that your client's marks are famous, that unnamed "competitors" of that nonexistent business are bidding on its name as a keyword, and the like are wholesale fabrications. Similarly, your allegations concerning the actions and businesses of most of the defendants are simply imagined. For example, many of the defendants you name do not operate search engines or show advertisements at all, while others are well known (to say the least) to be competitors of Google's, not partners (such as Microsoft and Yahoo!). And as best as we can determine, your claim that we "repeatedly have ignored MISHAK's demands" is pure fabrication: we are unaware of any such demands, notwithstanding Google's well-publicized trademark complaint procedures, and ask that you provide us with copies if you believe we are mistaken.

Simply filing a federal complaint incorporating whatever harebrained story your client tells you is not acceptable practice, particularly when the falsity of that story can be ascertained in a few moments' time using nothing but a browser and Google (a service I heartily recommend to you for prefiling diligence). While I accept for the moment your claim that you were simply relying on what your client told you, you need to do far more before dragging a couple of dozen corporations into federal court. I expect that, once you spend a few minutes investigating your client's claims, you will dismiss them. Otherwise, we will have no choice but to seek Rule 11 sanctions for the costs incurred by each of our clients in responding to this frivolity.

Please let me know how you intend to proceed.

Michael H. Page
[illegible]
710 Sansome Street
San Francisco, CA 94111-1704
tel: (415) 391-5400
fax: (415) 397-7188
www.kvn.com