# EXHIBIT K

Dockets.Justia.com

**ROGER JAMES AGAJANIAN ESQUIRE #55393**
***The Waterfront Building***
**2901 West Coast Highway Suite 200**
**Newport Beach, California 92663**
**Office: 949-258-4347**
**Cell: 714-936-9158**
**Fax: 949-258-4389**
**Email: rogeragajanian@gmail.com**
**Attorney for Plaintiff, Mark Mishak**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION**

| | |
|---|---|
| **MARK MISHAK, dba INEEDATV.COM**<br>**Plaintiff,**<br>**-v-**<br>**GOOGLE, INC., AMERICAN ONLINE, INC. NETSCAPE, INC., MICROSOFT NETWORK, INC., ASK JEEVES, INC., EXCITE, INC., WEBCRAWLER, INC., YAHOO, INC., CONVERSA, INC., LYCOS, INC., HOTBOT INC., ALTAVISTA INC., CRAIGSLIST INC., RESPOND INC., INFOSEEK INC., YELLOW PAGES INC., PLANETSEARCH INC., PRONET INC., NORTHERNLIGHT INC., LUCKYSURF INC., COMFIND INC., LIQUIDPRICE INC., EARTHLINK INC., DOES 1-100 Defendants,** | **Case # CV07-8258 CAS (JCRx)**<br><br>**COMPLAINT FOR DAMAGES**<br>1. ***Lanham Act*-Trademark Infringement**<br>2. ***Lanham Act*-False Representation**<br>3. ***Lanham Act*-Dilution**<br>4. **Injury to Business Reputation**<br>5. **Trademark Infringement & Unfair Competition**<br>6. **Tortious Interference with Prospective Business Advantage**<br>7. **Preliminary & Permanent Injunctive Relief** |

PLAINTIFF ALLEGES AS FOLLOWS:

Plaintiff, Mark Mishak, d/b/a INEEDATV.com ("Mishak"), by and through its counsel, Roger James Agajanian, Esq., for its Complaint against Google, Inc. ("Google"), American Online, Inc. ("AOL"), Netscape Communications Inc. ("Netscape"), Ask Jeeves, Inc. ("Ask Jeeves"), Excite Inc. ("Excite"), Webcrawler Inc. ("Webcrawler"), Yahoo Inc. ("Yahoo"), Conversa Inc. ("Conversa") Lycos Inc. ("Lycos"), Hotbot Inc. ("Hotbot"), AltaVista Inc. ("AltaVista"), Craig's List Inc. ("CraigsList"), Respond Inc. ("Respond"), Infoseek Inc. ("Infoseek"), Yellow Pages Inc. ("Yellow Pages"), Planet Search Inc. ("Planet Search"), Pro Net Inc. ("Pro Net"), Northern

Case 2:07-cv-08258-CAS-JCR Document 1 Filed 12/20/2007 Page 2 of 11

Light ("Northern Light"), Lucky Surf Inc. ("Lucky Surf"), Confind Inc. ("Comfind"), Liquid Price ("Liquid Price") and EarthLink, Inc. ("EarthLink")(hereinafter collectively the "Defendants"), states as follows:

## NATURE OF CASE

The Defendants operate for their own profit various Internet "search engines," which are used by consumers to search the World Wide Web for, among other things, products and services. More specifically:

1. When a person searches for a particular topic in a search engine, that search engine compiles a list of sites matching or related to the user's search terms, and then posts the lists of sites, known as search results.
2. All Defendants listed above sell advertising space on the earch result pages known as Banner Ads. These advertisements are commonly found on the top of the computer screen. These ads are often animated and whimsical. They are designed to entice the user to "click here". If the user does "click here", the user is transported to the website of the advertiser.
3. As with all advertising media, advertisers desire to target consumers matching a certain demographic profile.
4. Savvy website operators accommodate the advertisers by "keying" ads to match certain search terms entered by users. Defendants and each of them target these "key s earch terms" at a premium.
5. Plaintiff has a copyright. (Exhibit 1). trademark.
6. Plaintiff contends that in utter disregard to Mishak's intellectual rights, Defendants have sold "keywords" identical to certain of Mishak's trademarks to various third parties and have deliberately manipulated Defendants' search engine "results" so that, when

consumers use these search engines to find Mishak's products and services, the consumers are unwittingly diverted to competitors' products and services. By this unfair and deceitful conduct, Defendants' have infringed and diluted, and continue to infringe and dilute, Mishak's registered and unregistered service marks and trademarks.

**Parties**

7. Mark Mishak is an individual doing business as ineedatv.com..

8. Upon information and belief, Google is a Delaware corporation with a principal place of business in Mountain View, California. Upon information and belief, Google advertises, solicits clients, and conducts sales and purchases in the State of California and elsewhere.

9. Upon information and belief, AOL is a Delaware corporation with it's principal place of business in Dulles, Virginia. Upon information and belief, AOL maintains an office at 54 West 18th Street, New York, New York. In addition, AOL advertises, solicits clients, and conducts sales and purchases in the State of California and elsewhere.

10. Upon information and belief, Netscape is a Delaware corporation with it's principal place of business in Mountain View, California. Netscape advertises, solicits clients, and conducts sales and purchases in the States of New York, California and elsewhere.

11. Upon information and belief, Microsoft is a Delaware corporation with it's principal place of business in Seattle, Washington. Microsoft advertises, solicits clients, and conducts sales and purchases in the State of New York, California and elsewhere.

12. Upon information and belief, Ask Jeeves is a Delaware corporation with it's principal place of business in Emeryville, California. Upon information and belief, Ask Jeeves maintains an office at 50 West 17th Street, New York, New York. In addition, Ask

Jeeves advertises, solicits clients, and conducts sales and purchases in the State of California and elsewhere.

13. Upon information and belief, Excite is a Delaware corporation and advertises,solicits clients, and conducts sales and purchases in the State of California and elsewhere.

14. Upon information and belief, Webcrawler is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the State of California and elsewhere.

15. Upon information and belief, Yahoo is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the State of California and elsewhere.

16. Upon information and belief, Conversa is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

17. Upon information and belief, Lycos is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

18. Upon information and belief, Hotbot is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

19. Upon information and belief, Altavista is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

20. Upon information and belief, Craig's List is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

21. Upon information and belief, Respond is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

22. Upon information and belief, Infoseek is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

23. Upon information and belief, Yellow Pages is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

24. Upon information and belief, Planet Search is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

25. Upon information and belief, Pronet is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

26. Upon information and belief, Northern Light is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

27. Upon information and belief, Lucky Surf is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

28. Upon information and belief, Comfind is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

29. Upon information and belief, Liquid Price is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

30. Upon information and belief, Earthlink is a Delaware corporation and advertises, solicits clients, and conducts sales and purchases in the States of California and elsewhere.

**Jurisdiction & Venue**

31. This is an action arising under the *Lanham Act, 15 U.S.C. 1114(1)(a), 1125(a)*, and 1125(c). This Court has federal question jurisdiction over these claims pursuant to 15 *U.S.C. 1121, and 28 U.S.C. 1331, 1338(a) and 1338(b).*

32. The Court has subject matter jurisdiction over the state law claims pursuant to *28 U.S.C. 1367(a).*

33. Defendants are subject to the personal jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this litigation occurred in the State of California.

34. In addition, Defendants are subject to the personal jurisdiction of this Court because, among other things, upon information and belief each of the Defendants is subject to California's *Long-arm Statute.*

35. In addition, Defendants are subject to the personal jurisdiction of this Court because, among other things, upon information and belief each of the Defendants have transacted and presently is transacting business in the states of California and elsewhere by: (a) providing Internet users in California access to its search engines; (b) providing Internet users in California advertising on its website; (c) contracting with, or

attempting to contract with, California residents for the sale of goods or services, including the sale of advertising space on its Internet website; (d) selling or attempting to sell goods to residents of the State of California; (e) maintaining an office in the State of California; and/or (f) committing tortious acts in the State of California.

## PLAINTIFF'S TRADEMARKS

36. MISHAK d.b.a. INEEDATV.COM is one of the largest direct-to-consumer retailer of custom order televisions, appliances, and personal property in the United States and on the Internet. MISHAK, in conjunction with it's predecessor companies, has been in the home commercial, and personal appliance business for over 5 years. MISHAK sells and promotes its products and related services across the United States through a website and toll-free telephone numbers. Included herein as Exhibit 2 is a INEEDATV.COM tracking for just one week from 1-8-06 to 1-14-06. (Exhibit 2)

37. Since at least as early as 2002, and long prior to the acts of the Defendants complained of herein, MISHAK adopted and used, and has continued to use, the names and marks of INEEDATV.COM (hereinafter collectively identified as "INEEDATV.COM") in connection with its television, stereo, appliances, and other personal property products and related services, which have been offered for sale and sold in interstate commerce in the United States, including the State of California. Since the adoption and first use of the MISHAK name and mark as aforesaid, MISHAK has continuously used said mark by predominantly displaying it on the packaging and advertising for MISHAK's products , which have been advertised, promoted, offered for sale and sold in interstate commerce in the United States, including the State of California.

//

38. In addition to the MISHAK name and mark, MISHAK is the owner of and has the exclusive rights to use the following trademarks registered with the United States Patent and Trademark Office: (Exhibit 1-Traademark Registration)

39. The name and mark MISHAK comprises a distinctive part of MISHAK's corporate title and trade name, which trade name has been prominently displayed by MISHAK upon its home decorating products and related services sold under MISHAK marks.

40. Since long prior to the acts of the Defendants complained herein, MISHAK's Home decorating products and related services sold under the MISHAK Marks have been extensively advertised, promoted and sold by MISHAK in interstate commerce throughout the United States, including the State of Californina. MISHAK, each year, expends thousands of dollars in connection with the advertisement and promotion of its products and services under the MISHAK Marks.

41. The dollar amount of sales in the United States of MISHAK's televisions, commercial and home appliances products and related services under the MISHAK Marks offered for sale and sold under the MISHAK Marks since the original adoption and use are well in excess of many tens of thousands with reasonable growth projections into the tens of millions of dollars.

42. Plaintiff has been careful, skillful and meticulous in the conduct of their television, home and commercial appliances and related services under the MISHAK Marks. Included herein as Exhibit 3 is a copy of Plaintiff's Home Page. (Exhibit 3-Home Page)

43. As a consequence, and as a result of the substantial sales and extensive advertising and promotion of MISHAK's said products and related services, supra, sold under the MISHAK Marks have acquired a fine reputation, and are famous among prospective

purchasers of said goods and services. The public has used and now uses the MISHAK Marks to identify MISHAK, INEEDATV.COM and its products to distinguish MISHAK and its products and services from competitors; and related services offered by others, and the MISHAK Marks have acquired an outstanding tracking (Exhibit 1) as a source of products and related services, and symbolizes and embodies the goodwill rightfully belonging exclusively to MISHAK.

**The Internet and The World Wide Web**

44. The Internet is a global network of millions of interconnected computers. The World Wide Web is a portion of the Internet especially suited to displaying images and sound, in to text. Much of the information on the World Wide Web is stored in the form of "webpages," which can be accessed through a computer connected to the Internet (available through commercial Internet services providers or "ISPs"), and viewed using a computer program called a "browser," such as Microsoft Internet Explorer or Netscape Navigator. "Websites" are locations on the World Wide Web containing a collection of webpages. A webpage is identified by its own unique Uniform Resource Locator ("URL")(*e.g.* "http://ineedatv.com"), which ordinarily incorporates its site's "domain name" (*e.g.* "Mishak").

45. Internet use in the United States has grown substantially in the last few years. Upon information and belief, more than half of the nation is now online.

46. Among internet users in the United States, it is estimated that thirty-nine percent (39%) currently use the Internet to make online purchases.

47. As a result, it is estimated that, today, annual Internet sales exceed $92 billion.

**The Business of Plaintiff MISHAK**

48. MISHAK spends thousands of dollars and thousands of hours each year advertising the MISHAK Marks, including advertising online.

49. Today, MISHAK had thousands customers nationwide and generates annual revenues in excess of hundreds of thousands.

50. Since 1997, MISHAK has continuously operated a distinctive Internet website located, among other places, at www.ineedatv.com, through which the company sells televisions appliances, and other personal appliances, and related services.

51. Today, MISHAK owns many Internet domain names…Accordingly, if a consumer using the Internet web browser types in any of the company's Uniform Resource Locators ("URLs") – for example, if a consumer types www.ineedatv.com in his or her web browser address bar – the consumer is directed to MISHAK's web servers where he or she can view, browse and purchase the company's products and services.

52. A significant and critical amount of MISHAK's business is conducted via the Internet. The company estimates that, each day, it receives in excess of thirty thousand (30,000) "hits" or visits by customers or potential customers to its Internet websites and processes hundreds of thousands of Internet transactions every year.

53. MISHAK has spent thousands of dollars in developing its website, and thousands per year in maintaining, enhancing, and updating its website. In addition, all of whom are rigorously trained and supervised.

**The Business of Defendants-Search Engines**

54. Internet customers who are searching for a specific company product or information, but who are searching for a specific company product or information, but who do not know the exact domain name or website address at which it may be found, may use "keywords" and/or "search engines" to locate websites which match the keywords sought by the customer. Keywords are the textual terms that a consumer enters to locate the desired website or

domain name. A search engine, such as Google, checks the keywords against its databases and produces a search results page, which lists the websites, in order of decreasing relevance with the most relevant website listed first, that match the customer's keyword search.

55. Defendants Internet search engines, which are mostly free to consumers, is the most widely-used Internet search engine in the world. It answers hundreds of millions of user searches and covers billions of web pages daily.

56. Defendants also sell a number of products and services to individuals, businesses, and educational and governmental entities. One of the programs offered to its business customers is a keyword-triggered advertising program entitled "AdWords."

57. Defendants "AdWords" programs enable advertisers to purchase or bid on keywords that generate an advertising link (known as a "Sponsored Link") to the purchaser's website. For example, MISHAK may bid on the keyword "television" through Google's "AdWords" program so that MISHAK's website will be the first, or among the first, listed "Sponsored Link" when a customer searches for the keyword "television" to find websites that sell televisions. Google posts the "Sponsored Links" on the top of and at margins of its search engine results page based on whichever keywords appear in user queries posted to Google's Internet search engine. Advertising customers then pay Defendants based on the number of Internet users who click or "hit"on these advertising links.

58. Defendants advertisers' select the keywords that will trigger their advisements, but Defendants profit every time an Internet user clicks on a "Sponsored Link" for one of Defendants advertisers'.

//

//

**Defendants' Acts**

59. Google and the other listed defendants have sold many keywords comprised, in whole or in part, of the MISHAK Marks, to competitors of MISHAK.

60. After repeated requests, Google and the other listed defendants have not agreed to stop selling certain of the MISHAK Marks as keywords to MISHAK's competitors. Google et. al. refuses, however, to cease selling other keywords comprised, in whole or in part, of the MISHAK Marks that, for whatever reason, Google et. al. unilaterally has deemed less worthy of recognition and protection. Specifically, Google et. al. continue to sell, over MISHAK's objections, certain combinations of words within the MISHAK Marks to MISHAK's competitors. Consequently, Google permits the purchase of MISHAK Marks to trigger these competitor's links to appear in Google's and other listed defendants' search results when a consumer types in one of the MISHAK Marks.

61. For example, Google and the other listed defendants continues to sell to MISHAK's competitors the keywords.........Accordingly, if a consumer using Google's et. al.'s search engine types "....." in the search window, competitors who have purchased "....." or even just "..." can still appear at the top or in the margins of the results page. Similarly, it is possible for a consumer who types "..." or "...." in the Google search window to be directed to a "results" web page that displays MISHAK's competitors products and services at the top or in the margins.

62. In each of these examples, by the operation and design of Google's and the other listed defendants' search engine, consumers who specifically intend and desire to find MISHAK's products and services are instead diverted to search "results" web pages that list MISHAK's competitor's products and services. This result is intended, both by Google et. al.

and its customers who purchase keywords consisting of the MISHAK Marks. Google sells, and it's customers hope to purchase, the possibility that they will intercept consumers who, due to MISHAK's extensive and pervasive advertising resulting in invaluable goodwill, are trying to find the nation's largest and most respected and trusted direct-to-consumer retailer of televisions, and personal appliances in the United States.

63. Once intercepted, consumers may click on MISHAK's competitors' links and thus be directed to the competitors' websites. Consumers may not realize that they have unwittingly "clicked" on competitors' websites. Once there, the consumer, having been distracted, may not ever return to MISHAK's website. Even if the consumer appreciates the diversion, he or she will have to spend time and energy to backtrack or otherwise find MISHAK.

64. Through this practice, Google et. al. traffic in the infringement and dilution of MISHAK Marks. Google et. al. have knowingly sold the MISHAK Marks and included them in Google's search engine for Google et. al.'s own profit and to increase the competitive advantage of MISHAK's competitors. This practice began after the MISHAK Marks were registered and/or became famous and distinctive.

**The Business of The Other Defendants**

65. AOL, Ask Jeeves, Earthlink, and Netscape et.al. (hereinafter collectively referred to as the "Non-Google Defendants") each operates a website that includes a search engine for locating websites and information on the internet.

66. On information and belief, the Non-Google Defendants pay Google in exchange for Google providing to its web searching platform. By utilizing the Google web searching platform, the Non-Google Defendants display virtually the same results of search queries as

those displayed by Google. On information and belief, each of the Non-Google Defendants also profit every time an Internet user clicks on any of the links provided by these search results.

**The Use of Meta Tags**

67. Meta Tags are keywords embedded into the codes of a web page and are read by search engines in order to identify the searchers of those pages on the internet that are relevant to that search.

68. Upon the request by a searcher for a specific keyword, the search engine will spew out a list of sites prioritized by, among other things, whether or not the keyword typed by the searcher appears in a site's meta tags.

69. However, when one of those key words is a trademark owned by a competitor, an action for trademark infringement will lie for either dilution or infringement.

70. This is what the defendants and each of them has done to Plaintiff. They have piggy backed off the hard work and good will of a very small but successful entrepreneur, MISHAK, drawing customers away from their intended target.

71. This is not unlike a competitor standing out in front of a business establishment during a sale and diverting those customers away to the competitor's business location. The online /cyberspace conduct is the same.

**Harm To Plaintiff**

72. MISHAK has not given the Defendants permission or a license to utilize the MISHAK Marks for the promotion or sale of its competitor's products.

73. Defendants and certain of MISHAK's competitors seek to exploit the hard-earned popularity and success of MISHAK and the products and services sold by MISHAK, under the famous MISHAK Marks. In an attempt to illegally capitalize on the MISHAK Marks,

Defendants have permitted certain of MISHAK's competitors to bid on advertising so their websites are listed in a position above or next to MISHAK's link when a consumer types a search query identical or substantially similar to the MISHAK Marks.

74. For example, a consumer can run a search on Google's search engine for "………", on of MISHAK's registered marks with the obvious intent of locating and visiting MISHAK's website. Nonetheless, the first link shown on the Google search "results" page may be for one of MISHAK's competitors, such as ……. Similarly, if a consumer types "…." in the Google search bar, they may be directed to a "results" page in which the first two companies listed at the top are direct competitors-…….- as are at least six of the eight companies-……- listed along the margin. Search Google for "ineedatv.com" – a domain name owned by and registered to MISHAK – and the consumer is directed to search "results" that list "…." And "…" at the top of the page. If the consumer clicks on any of these competing websites, Google will be entitled to a fee from these competitors. In addition, these competitors will have obtained a customer, or potential customer, solely as a result of the goodwill and reputation associated with MISHAK and its products and services.

75. A similar, though different and possibly more confusing, search "result" occurs when a consumer uses one of the Non-Google Defendants' websites to conduct a Google "powered" or "enhanced" search (i.e., where Google provides the underlying search engine). For example, a consumer who conducts a search for "MISHAK" from Netscape's website is confronted misleadingly with a host of competitor's advertisements. Some competitor's are called "Sponsored Links," while others are given priority treatment with graphics at the very top of the search "results" page. Again, this diversion and confusion is the intended result- allowing MISHAK's competitor's to intercept consumers looking for MISHAK.

76. The Defendants' search engines are designed and intended to divert and lure consumers from the websites that they intend to visit – e.g., the MISHAK websites – to other websites owned by competing advertisers such as "….." By design, the Defendants profit when consumers click on competitors' links and visit an advertiser's site. None of this revenue, however, is paid to the own of the trademark for whom the consumer was searching. Thus, Denfendants and their advertisers are free-riding on the goodwill and reputation of trademark owners such as MISHAK.

77. Defendants' search engines are inherently deceptive and mislead consumers into believing falsely that the website links to which they are directed via manipulated search "results"links are sponsored or authorized by and/or originating with the trademark owner for which the user was searching.

78. The manipulated search "results" engineered by the Defendants fail to inform the consumers that the companies listed herein may have no relationship with – and, indeed, may directly compete with – the trademark owner for which the user was searching.

79. The manipulated search engine "results", which are in fact advertisements sold by the Defendants based on a search utilizing the MISHAK Marks, dilute the ability of the MISHAK Marks to identify MISHAK as a source of its goods and services.

80. In some cases, the competitor companies listed at the top or in the margins of these manipulated search engine "results" are nebulously identified as "Sponsored Links." This designation is as, if not more, confusing to consumers because the Defendants do not indicate by whom these links supposedly are "sponsored." Consumers may believe falsely that MISHAK or other mark holders "sponsor" or otherwise are affiliated with these links.

81. Moreover, the "Sponsored Links" are deliberately designed to be virtually indistinguishable from the legitimate mark holders' website links. The actual links to the "Sponsored Links" are not a different color, nor are they a different typeface or font size. No meaningful effort is made to conspicuously separate the truth from the paid advertisements. Specifically, the Defendants could, but do not, advise the consumer that the so-called "Sponsored Links" are in fact paid advertisement that are neither sponsored by, or affiliated with the trademark owner for which the user was searching.

82. MISHAK's current customers have been and will likely continue to be confused about the origin and sponsorship of the companies other than MISHAK listed by the Defendants in their deceptive search engine "results."

83. Confusion regarding the companies identified under Defendants' search engine "results" implies an affiliation with MISHAK that has damaged and will continue to damage Plaintiff's reputation and customer relationships.

84. Upon information and belief, Defendants caused these advertisements to appear under on the search "results" pages with the intent to infringe and to cause advertisers to infringe on MISHAK's Marks. Alternatively, Defendants acted in reckless disregard for MISHAK's Marks.

85. In short term, Defendants' actions steal customers from MISHAK's website, divert consumers to inferior products and services, erode the distinctiveness of MISHAK's Marks, and impair MISHAK's honest and good faith efforts to promote and sell its products and services on the Internet.

86. Defendants' actions have caused damage and irreparable injury to MISHAK. Further damage and irreparable injury will result if Defendants are allowed to continue violate MISHAK's rights.

87. These deliberate acts constitute trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. 1114(1)(a) and 1125(a), dilution of MISHAK's famous marks in violation Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c) unfair competition and dilution in violation of the common law and the laws of the State of New York, and tortious interference with prospective economic advantage in violation with the laws of the State of California.

88. In addition to harming MISHAK's reputation and the value of its marks, Defendants have realized and continue to realize profits and other benefits rightfully belonging to MISHAK.

89. Defendants repeatedly have ignored MISHAK's demands to cease all unauthorized use of the MISHAK Marks and/or words confusingly similar thereto in their keyword Internet advertising.

90. Defendants' repeated failure to comply with MISHAK's demands manifests their intent to continue to wrongfully compete with, infringe upon and dilute MISHAK's proprietary rights in the MISHAK Marks. MISHAK seeks an injunction to halt Defendants' wrongful conduct and award damages as well as attorneys' fees and expenses for Defendants' willful and wanton conduct.

**FIRST CAUSE OF ACTION**

*Lanham Act* – Trademark Infringement

91. MISHAK incorporates herein by reference each and every allegation contained

in paragraphs 1 through 90 with the same force and effect as if here fully set forth.

92. Defendants' unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks among the MISHAK Marks in connection with the advertising, offering for sale and sale of Defendants' keyword advertising services constitutes use in commerce which infringes MISHAK's exclusive rights in its federally-registered marks and is likely to cause confusion, mistake, or deception as to the source of the services advertised by Defendants.

93. The aforesaid acts of Defendants, namely, the unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks in connection with the sale of keyword advertising, constitutes trademark infringement in violation of *Section 32(1)* of the *Lanham Act, 15 U.S.C. 1114(1)*.

94. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

95. MISHAK has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

*Lanham Act* – False Representation

96. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 95 with the same force and effect as if here fully set forth.

97. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of the MISHAK Marks on and in connection with keyword advertising conveys the misleading commercial impression to the public that the advertisers other than MISHAK listed in the Defendants manipulated search "results" pages, or their products, are approved by, sponsored by or are somehow affiliated or connected with MISHAK.

98. The aforesaid acts of Defendants, namely, the use of copies, variations, reproductions, simulations or colorable imitations of the MISHAK Marks on and in connection with keyword advertising, constitutes a false designation of origin and false description and representation, in violation of *Section 43(a)* of the *Lanham Act, 15 U.S.C. 1125(a)*.

99. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

100. MISHAK has no adequate remedy at law.

## THIRD CAUSE OF ACTION

*Lanham Act* – Dilution

101. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 100 with the same force and effect as if here fully set forth.

102. Use by Defendants of copies, variations, reproductions, simulations or colorable imitations of the MISHAK's registered marks among the MISHAK Marks in connection with the advertising, offering for sale and sale of Defendants' keyword advertising services has and will continue to lessen the capacity of MISHAK's famous and distinctive MISHAK Marks to distinguish MISHAK's products and services from those of others, and has diluted the distinctive quality of MISHAK's famous and distinctive MISHAK Marks.

103. The aforesaid acts of Defendants constitute dilution in violation of *Section 43(c)* of the *Lanham Act, 15 U.S.C. 1125(c)*.

104. The aforesaid acts of Defendants have caused and, unless acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

85. MISHAK has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

Injury to Business Reputation and Dilution – GBL 360-1

106. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 105 with the same force and effect as if here full set forth.

107. The unauthorized use by Defendants of copies, variations, reproductions, simulations or colorable imitations of MISHAK's registered marks among the MISHAK Marks in connection with the advertising, offering of sale and sale of Defendants' keyword advertising services will dilute or tarnish MISHAK's business reputation and/or the effectiveness of the well-known, famous and distinctive MISHAK Marks.

108. The aforesaid acts of Defendants constitute dilution and injury to MISHAK's business and reputation in violation of *New York General Business Law 360-1.*

109. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

110. MISHAK has no adequate remedy at law.

**FIFTH CAUSE OF ACTION**

Common Law – Trademark Infringement and Unfair Competition

111. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 110 with the same force and effect as if here full set forth.

112. The aforesaid acts of Defendants constitute trademark infringement and unfair competition in violation of MISHAK's rights under the common law of the State of California.

113. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

114. MISHAK has no adequate remedy at law.

**SIXTH CAUSE OF ACTION**

Tortious Interference With Prospective Economic Advantage

115. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 114 with the same force and effect as if here fully set forth.

116. Many of the Plaintiff's customers regularly purchase products from MISHAK's website, and are repeat customers. It is probable that such customers and others will continue to seek to visit MISHAK's website and purchase Plaintiff's goods and services in the future.

117. Upon information and belief, Defendants were aware of the existence of Plaintiff's reasonable expectation of future transactions with Plaintiff's returning customers, as well as consumers who may be attracted to Plaintiff's goods and services as a result of Plaintiff's goodwill and extensive advertising and promotion.

118. Absent Defendants' intentional and improper interference through their deceptive and manipulated search engine "results," it is reasonably certain that Plaintiff would realize additional sales from existing customers and/or new customers.

119. Defendants have intentionally and improperly interfered with Plaintiff's future and prospective sales through the Defendants' conduct; namely, their deceptive and manipulated search engine "results" that divert consumers from Plaintiff's websites.

120. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause MISHAK to suffer irreparable injury.

121. MISHAK has no adequate remedy at law.

//

//

**SEVENTH CAUSE OF ACTION**

Preliminary & Permanent Injunctive Relief

122. MISHAK incorporates herein by reference each and every allegation contained in paragraphs 1 through 121 with the same force and effect as if here fully set forth.

123. Many of the Plaintiff's customers regularly purchase products from MISHAK's website, and are repeat customers. It is probable that such customers and others will continue to seek to visit MISHAK's website and purchase Plaintiff's goods and services in the future.

124. Upon information and belief, Defendants were aware of the existence of Plaintiff's reasonable expectation of future transactions with Plaintiff's returning customers, as well as consumers who may be attracted to Plaintiff's goods and services as a result of Plaintiff's goodwill and extensive advertising and promotion.

125. Absent Defendants' intentional and improper interference through their deceptive and manipulated search engine "results," it is reasonably certain that Plaintiff would realize additional sales from existing customers and/or new customers.

126. Defendants have intentionally or negligently and improperly interfered with Plaintiff's future and prospective sales through the Defendants' conduct; namely, their deceptive and manipulated search engine "results" that divert consumers from Plaintiff's websites.

127. The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, via a Preliminary Injunction and Permanent Injunction will continue to cause MISHAK to suffer irreparable injury.

128. MISHAK has no adequate remedy at law. Damages at law are inadequate. Plaintiff seeks equitable relief from this Court.

//

**Prayer for Relief**

WHEREFORE, as to all counts of this Complaint, Defendants will continue its unlawful activities unless enjoined and Plaintiff's remedy at law is inadequate; and

WHEREFORE, as to all counts of this Complaint, Plaintiff requests:

(A) A preliminary and a permanent injunction prohibiting Defendants and their officers, partners, agents, subcontractors, servants, employees, subsidiaries, and related companies or entities, and all others acting in concert or participating with them from:

1. Directly or indirectly selling or offering for sale advertising keywords that are identical or substantially similar to the MISHAK Marks, which are likely to cause consumer confusion, mistake, or deception with respect to the MISHAK Marks;
2. Continuing to post listing for MISHAK's competitors when Internet users run a search on Defendants' search engines using keywords that are identical or substantially similar to the MISHAK Marks;
3. Requiring Defendants to immediately contact all current advertisers who have purchased keywords identical or substantially similar to the MISHAK Marks and/or terms confusingly similar thereto, to inform them that the advertisers' links will no longer appear when an Internet user runs a search for a term that is identical or substantially similar to the MISHAK Marks;
4. Making any use of the MISHAK Marks and/or terms confusingly similar thereto;

Case 2:07-cv-08258-CAS-JCR Document 1-3 Filed 12/20/2007 Page 3 of 12

5. Making any designations of origin, descriptions, representations or suggestions that MISHAK is the source, sponsor or in any way affiliated with its competitors, their products or their websites; and

6. Engaging in any other act constituting unfair competition or deceptive practices with MISHAK or constituting an infringement of MISHAK's rights in and to the MISHAK Marks.

(B) As to all Causes of Action contained in 1-6 inclusive; That Defendants be required to reimburse MISHAK for all actual damages and lost sales suffered by MISHAK by reason of Defendants' illegal conduct, as well as any profits of Defendants that are attributable to Defendants unfair competition, dilution and infringement not taken into account in computing the actual damages, and that punitive damages be awarded as authorized under the law;

(C) The Defendants be required to pay all of MISHAK's attorneys' fees, expenses and costs associated with this action pursuant to the *Lanham Act, 15 U.S.C. 1117*; and

(D) That this Court grants such other and further relief as this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and on all issues triable by a jury.

Dated: December 11, 2007

Respectively submitted,

Roger Agajanian

Roger Agajanian, Attorney for Plaintiff

Mark Mishak

//

# Certificate of Registration

SEAL OF THE UNITED STATES COPYRIGHT OFFICE 1870

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

Register of Copyrights, United States of America

## FORM TX

For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 5-876-831

EFFECTIVE DATE OF REGISTRATION

MAY 22, 2003
Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET

**1** TITLE OF THIS WORK ▼
I NEED A TV

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼ NOT CONTRIBUTED TO ANYONE BUT MYSELF

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2** NAME OF AUTHOR ▼
a MARK F. MESHAK

DATES OF BIRTH AND DEATH
Year Born ▼ 1959 Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶ UNITED STATES OF AMERICA
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼
TEXT AND SOME ART WORK

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NAME OF AUTHOR ▼
b

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼ HTML WEB PAGES

**3** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
6-98 ◀ Year
This information must be given in all cases.

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ 6 Day ▶ 20 Year ▶ 1998
UNITED STATES OF AMERICA ◀ Nation

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼
MARK F MESHAK
466 N. ORANGE ST B-251
REDLANDS CALIFORNIA, USA 92374

See instructions before completing this space.

APPLICATION RECEIVED
NOV 28 2003 / MAY 22, 2003
ONE DEPOSIT RECEIVED
MAY 22, 2003
TWO DEPOSITS RECEIVED
FUNDS RECEIVED

DO NOT WRITE HERE
OFFICE USE ONLY

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

EX.1

**This Weeks Search Results and Tracking Form For I Need A TV**

**Week of:** 01-08-06 **to** 01-14-06
SUN SAT

EX. 2

altavista Web Images MP3/Audio Video News Family Filter off Help

I Need A TV [FIND] Advanced Search
Settings

SEARCH: Worldwide USA RESULTS IN: All languages English, Spanish

Sponsored Matches Become a sponsor

TVs at CircuitCity.com

All **TVs** $499 and up on sale. Save up to $400 instantly! Free shipping on orders $25 and up, or buy it online and pick it up at any Circuit City store.
www.circuitcity.com

New Season of American Idol on FOX
Don't miss the season premiere of America's #1 show, American Idol. Airs January 17th and 18th at 8/7c on FOX. Hot new community features online - video, personal blogs, profiles and chat.

Sponsored Matches

TV's - Compare Prices at NexTag.com
Found 2,678 matches for TV's at NexTag.com, the search e...
www.nextag.com

Tv - Cheaper Prices
Before you buy, compare prices at Calibex. We have a com...
www.calibex.com

TV Deals
Handpicked TV deals at bradsdeals.com - over 1500 free d...
www.bradsdeals.com

Tattoo TV: Miami Ink on TLC
Who said great stories have to be written on paper? The ...
tlc.discovery.com

TVs: Compare Prices
Find Bargains on TVs and other Plasma, Widescreen, HDTV,...
www.bizrate.com

altavista Web Images MP3/Audio Video News Family Filter: off Help

I Need A TV domain:avsforum.com FIND Advanced Search Settings

**SEARCH:** Worldwide USA **RESULTS IN:** All languages English, Spanish

AltaVista found 99,700 results

AVS Forums Archives - **Need a TV** with 2 DVI inputs

... **Need a TV** with 2 DVI inputs ... equipment. I am currently researching **a TV**, and due to ... rear projection HDTV ready **TV**. I am a current DirecTV ...

archive.avsforum.com/avs-vb/history/topic/374343-1.html

AVS Forum - Does MCE **need a TV** tuner card to run?

AVS Forum (http://www.**avsforum.com**/avs-vb/index.php) - Home Theater Computers (http://www.**avsforum.com**/avs-vb/forumdisplay.php?f=26) Chippy99. 07-01-05 07:31 AM. Does MCE **need a TV** tuner card to run?

www.avsforum.com/avs-vb/printthread.php?t=555181

Does MCE **need a TV** tuner card to run? - AVS Forum

This is a discussion forum powered by vBulletin. To find out about vBulletin, go to http://www.vbulletin.com/ .

www.avsforum.com/avs-vb/showthread.php?t=555181

**Need a tv** for family room going over a fireplace - AVS Forum

This is a discussion forum powered by vBulletin. To find out about vBulletin, go to http://www.vbulletin.com/ .

www.avsforum.com/avs-vb/showthread.php?t=504696

**i need a tv** and some help - AVS Forum

This is a discussion forum powered by vBulletin. To find out about vBulletin, go to http://www.vbulletin.com/ .

www.avsforum.com/avs-vb/showthread.php?t=549287

**Need** Bedroom TV Suggestion. - AVS Forum

This is a discussion forum powered by vBulletin. To find out about vBulletin, go to http://www.vbulletin.com/ . ... Display Devices > Rear Projection Units. **Need** Bedroom **TV**

See Alta Vista marked ✓ 100

Suggestion ... buy my wife a new **TV** for the bedroom. ... current set has a standard Direct **TV** Box on it ...
www.avsforum.com/avs-vb/showthread.php?goto=lastpost&t=612059

## **Need** help choosing **a TV**. - AVS Forum

This is a discussion forum powered by vBulletin. To find out about vBulletin, go to http://www.vbulletin.com/ . ... **Need** help choosing **a TV**. I am looking at 2 ... center that goes around the **tv**. If I go with the ...
www.avsforum.com/avs-vb/showthread.php?t=622921

## AVS Forums Archives - **Need** new **TV** suggestions

... Pages:1. **Need** new **TV** suggestions ... I am looking to get a new **TV** and from the research **I** ... about the reliability of **TV** manufacturers. Here is what I ...
archive.avsforum.com/avs-vb/history/topic/347641-1.html

## AVS Forums Archives - HELP -- **Need** new **TV**

... Pages:1. HELP -- **Need** new **TV** ... home theater. **I** am now starting to evaluate equipment: The big question, what is the BEST 16:9 format **TV** available, in ...
archive.avsforum.com/avs-vb/history/topic/6994-1.html

## AVS Forums Archives - **Need a TV** Tuner Card for HTPC with Composite & S-Video In

... **Need a TV** Tuner Card for HTPC with Composite & S-Video ... configuration reasons why **I need** both composite and S-Video ... there a good quality **TV** Tuner (don't **need** FM radio or ...
archive.avsforum.com/avs-vb/history/topic/29923-1.html

**Result Pages: 1 2 3 4 5 6 7 8 9 10 Next >>** Back To Top

I Need A TV domain:avsforum.com FIND

Try your Search on Yahoo!

Business Services Submit a Site About AltaVista Privacy Policy Help

© 2005 Overture Services, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is John Charles Jr. Rayburn.

The case number on all documents filed with the Court should read as follows:

**CV07- 8258 CAS (JCRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>**312 N. Spring St., Rm. G-8**<br>**Los Angeles, CA 90012** | [ ] **Southern Division**<br>**411 West Fourth St., Rm. 1-053**<br>**Santa Ana, CA 92701-4516** | [ ] **Eastern Division**<br>**3470 Twelfth St., Rm. 134**<br>**Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

Roger James Agajanian Esq. #55393
The Waterfront Building
2901 West Pacific Coast Highway Suite 200
Newport Beach, California 92663
Tel: 949-258-4347 Fax: 949-258-4389
Attorney for Plaintiff-Mark Mishak dba INEEDATV

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MISHAK dba INEEDATV.COM<br>PLAINTIFF(S)<br>v.<br>GOOGLE INC., AMERICA ONLINE INC., NET SCAPE INC., MICROSOFT NETWORK INC., ASK JEEVES INC., EXCITE INC. WEBCRAWLER et.al. see attached<br>DEFENDANT(S). | CASE NUMBER<br>**CV07-8258 CAS (JCRx)** |
| | **SUMMONS** |

TO: DEFENDANT(S): GOOGLE INC. et.al.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Roger James Agajanian Esq., whose address is 2901 West pacific coast Highway Suite 200 Newport Beach, CA. 92663. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 2 0 2007

By: ROLLS ROYCE PASCHAL
Deputy Clerk

*(Seal of the Court)*

1144

[redacted]

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

[redacted]

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARK MISHAK, dba INEEDATV.COM

**DEFENDANTS**
GOOGLE INC., AMERICAN ONLINE INC., NETSCAPE INC., MICROSOFT NETWORK INC., ASK JEEVES INC., EXCITE INC.. WEBCRAWLER INC., YAHOO INC., CONVERSA INC., et. al.

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
SAN BERNARDINO, CALIFORNIA

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
SAN BERNARDINO (doing business in the Central Dist. of California)

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roger James Agajanian Esq. # 55393
2901 West Pacific Coast Highway Suite 200
Newport Beach, California 92663
Tel: 949-258-4347 Fax: 949-258-4389 E: rogeragajanian@gmail.com

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No

☐ **MONEY DEMANDED IN COMPLAINT: $**__________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act-Trademark Infringement; False Representation. Dilution, Injunctive Relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS | TORTS | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | PERSONAL INJURY | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities - Employment | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: CV07-8258 CAS (JCRx)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
San Bernardino County, California

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
San Mateo County, Alameda County, Los Angeles County California; Delaware, New York; Illinois; Oregon; Massachusetts, Arizona

**List the California County**, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
San Bernardino County, California

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** 12-20-07

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended (42 U.S.C. (g)) |